JAMES E. SHIPLEY and PATRICIA B. SHIPLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shipley v. Commissioner
Docket No. 2883-76.
United States Tax Court
T.C. Memo 1976-383; 1976 Tax Ct. Memo LEXIS 15; 35 T.C.M. (CCH) 1735; T.C.M. (RIA) 760383; December 16, 1976, Filed Edward W. Babic, for the petitioners. Hector C. Perez, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a Motion To Dismiss for Lack of Jurisdiction. The issue is whether the petition was timely filed. The answer depends upon whether *16 delivering a petition to a United States Post Office within the 90-day period prescribed by section 6213(a) [1]/ constitutes the filing of a petition with this Court. The basic facts are not disputed. The notice of deficiency was mailed to petitioners James E. Shipley and Patricia B. Shipley on December 30, 1975. The 90-day period prescribed by section 6213(a) for filing a Tax Court petition expired on March 29, 1976. The petition was mailed to this Court from Long Beach, California, and was received by the Court on April 2, 1976, in an envelope bearing a clear and legible postmark date of March 30, 1976. The petition was filed with this Court on the date of its receipt. April 2, 1976, was the 94th day after the mailing of the notice of deficiency on December 30, 1975, and petitioners must, therefore, concede that the petition was not actually filed within the 90-day period prescribed by section 6213(a). To support the Court's jurisdiction, however, petitioners rely upon section 7502(a). That section [2]/ provides that a document received by the Court *17 after the period within which such document was required to be filed but which was mailed on or before the prescribed date is deemed to be delivered on the date of the postmark and thus timely filed, if the postmark is timely. *18 Petitioners acknowledge that the envelope in which the Court received the petition bears a legible postmark date of March 30, 1976, the 91st day after the notice of deficiency was mailed. But petitioners offered two affidavits, one by Betty Johnson, a notary public, and the other by Belinda Dunnick, her assistant. The parties agreed that, if called, the affiants would testify as to the truthfulness of the statements in the affidavits, including a statement in the one signed by Betty Johnson that petitioners acknowledged the execution of the petition before her on March 29, 1976, and her assistant, Belinda Dunnick, was instructed to deliver the envelope containing the petition to the United States Post Office in Long Beach prior to the close of business (approximately 5 p.m.) on that day. Belinda Dunnick's affidavit states that she delivered the petition to the post office in Long Beach with postage prepaid as certified mail. She was called as a witness and testified as to certain additional facts. She stated that she recalled obtaining a receipt from the postal clerk and that normally she would have placed such a receipt in the file on the case. However, no such receipt was offered *19 in evidence. Respondent objected on grounds of irrelevancy to the admissibility of any testimony by these individuals. Relying upon the affidavit of Betty Johnson and on that of Belinda Dunnick, together with her testimony, petitioners contend that the Long Beach post office mistakenly placed the March 30, 1976, rather than a March 29, 1976, postmark on the envelope in which the petition was mailed and that, therefore, the petition was timely filed. Petitioners point out that, where a postmark is smudged or illegible, extrinsic evidence may be introduced to show "when the postmark was made." Sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs.; ; ; . Moreover, in , the Court heard and accepted evidence as to the date of mailing where the postmark was inadvertently omitted in its entirety. But the Court has not held that a taxpayer may introduce evidence of timely mailing which conflicts with an untimely postmark. In , *20 where the timely mailing-timely filing issue was recently explored in depth, the Court said (pp. 551-552): Congress enacted section 7502 to eliminate the inequities resulting from variations in postal performance when a document is timely mailed. Since the time of mailing was being substituted for the time of delivery, Congress logically made the date of the postmark determinative of the time of mailing. This precludes a taxpayer from introducing evidence of timely mailing conflicting with an untimely postmark, save in the sole case of registered mail where the date of registration is "deemed the postmark date." Sec. 7502(c)(1)(B). See ; . Congress, in making the postmark irrebuttable evidence of timely mailing, focused on the normal situation involving a readable postmark, indicating the date when the document was mailed. * * * [Fn. refs. omitted.] In footnote 10 (p. 553), the Court added: If there had been a postmark indicating the date of mailing the postmark itself would be conclusive and not subject to contradiction by evidence *21 aliunde. Evidence aliunde is admissible only when there is nothing to contradict--no postmark within the statute. See ; sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs. We conclude, therefore, that the testimony by Belinda Dunnick, together with her affidavit and that of Betty Johnson, as to the date on which the petition was delivered to the post office at Long Beach, without more, is irrelevant and, consequently, is not admissible. The legible postmark on the envelope in which the petition was mailed to the Court is controlling, and since the date of that postmark is beyond the 90-day period prescribed by section 6213(a) for filing a petition, the Court lacks jurisdiction of the case. Had the certified mail receipt, which Belinda Dunnick testified she obtained from the post office, been introduced in evidence and had it shown a mailing date of March 29, 1976, the result would be different. Sec. 301.7502-1(c)(2), Proced. & Admin. Regs., states in part: If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, *22 the date of the United States postmark on such receipt shall be treated as the postmark date of the document.Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of * * * certified mail. See ; . The Court's dismissal of this case will be without prejudice to the right of petitioners to move, within 30 days of entry of such order, to reopen the evidence for the purpose of offering in evidence such receipt, if it bears a March 29, 1976, postmark date. An appropriate order will be entered. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.
2. / SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.↩